[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant, Robert Corbin, pleaded no contest to two counts of trafficking in cocaine, both violations of R.C.2925.03(A). Upon a finding of guilty on both counts, the trial court imposed a sentence that consisted of five years of community-control sanctions under intensive supervision, one hundred hours of community service, and a twenty-nine-day period of confinement, for which Corbin received twenty-nine-days of credit for time already served. At the time sentence was imposed, the trial court informed Corbin that if he violated the terms of his community control, he would have to serve three years of confinement. This notice to Corbin was journalized by the court in the judgment entry that sentenced Corbin. That entry stated that Corbin would be subject to the maximum prison term if he violated the terms and conditions of his community-control sanctions. Corbin subsequently violated the terms of his sanctions and consequently was ordered to serve sentence three years of confinement.
Corbin now appeals to this court, claiming that the trial court erred when it imposed the maximum prison term for his violation of the community-control sanctions. We disagree.
R.C. 2929.19(B)(5) requires that the trial court inform a defendant upon whom community-control sanctions are imposed about the possible penalties for any violation of those sanctions, including "the specific prison term that may be imposed as a sanction for the violation." Id. R.C. 2929.15(B), which addresses violations of community-control sanctions, allows the trial court to impose prison terms, pursuant to R.C. 2929.14, for any violations of those sanctions. See, also, State v. Delaney
(Aug. 20, 1999), Hamilton App. No. C-981017, unreported. Under R.C. 2929.14(C), the trial court may impose a maximum prison term if the court makes the requisite findings, which include a finding that the defendant poses the greatest likelihood of committing future crimes. The trial court may also order prison terms to be served consecutively, if the court finds, among other things, that the defendant's history of criminal conduct demonstrates that the consecutive terms are necessary to protect the public from future crime by the defendant. See R.C. 2929.14(E)(4) and2929.14(E)(4)(c).
Two months after the court imposed the original sentence, Corbin was found to have violated the terms of his community-control sanctions when he (1) was arrested for obstructing official business and resisting arrest, (2) tested positive for drug use, (3) failed to report to the probation department on at least four occasions, (4) failed to pay any of the court costs ordered by the court, and (5) failed to begin performing any of the court-ordered community service. The court found that Corbin was not amenable to further community-control sanctions, that he had a history of committing criminal offenses as both a juvenile and as an adult, and that imposing anything other than the maximum prison term would demean the seriousness of the violations. The court further found that Corbin's chances of recidivism were high, that society needed to be protected from Corbin, and that Corbin was under community-control while committing the violations.
Based upon the foregoing, we hold that there is clear and convincing evidence to support the trial court's imposition of maximum, consecutive sentences upon Corbin for violating the terms of his community-control sanctions. See R.C. 2953.08(G).
Therefore, Corbin's assignment of error is overruled, and the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 WINKLER and PAINTER, JJ.